Good morning, Your Honors. I'm Rosemary Springer of McCurdy & Fuller. I represent the Appellants Insurance Company of the State of Pennsylvania and Granite State Insurance Company. The appellants asked this Court to reverse the district court's decision dismissing the specific performance claim on the merits, and instead asked this Court to dismiss that claim without prejudice based on a finding that once the district court determined that it should have abstained from the declaratory relief cause of action, the Court also should have abstained from the specific performance claim. Kennedy, would there be a problem if there was a viable live controversy over the claim for specific performance? Would that prevent abstention in the Declaratory Judgment Act? If the Court had not dismissed the... In other words, you're asking for total abstention when there's arguably at least a claim that's in the discretionary Declaratory Judgment Act, and you have some law, I think, saying if there's one good claim in Federal court, then you just keep the whole thing. There is case law saying that if you have a declaratory relief cause of action, that if there's a separate other coercive claim, that the Court should decide everything. But there is no case law that I'm aware of saying the opposite, which is if you have the trial court determined to abstain from the declaratory relief claim, that if there are similar reasons supporting abstention from the other claim, that you could abstain from the entire action. The problem here is that by abstaining from one and keeping the other, the very principles that underlie the abstention doctrine are not forwarded, because the reason that the trial court articulated for abstaining from the declaratory relief cause of action are all equally true for the specific performance claim in this case. Both case and both claims, state law issues predominate. Indeed, in this case, there's no Federal legal questions at issue. It is all issues of state law. It's always true in a diversity case. It's generally true in a diversity case. State law governs, and Federal courts decide them all the time. Correct. The next thing here is that this involves issues of insurance law, which tend to be particularly important to state courts, are regulated by the states. You brought this action that basically alleges a breach of contract, right? A specific performance claim? Right. But the specific performance is the remedy you're seeking. The theory is that they breach a duty to cooperate. Correct. District judge doesn't have any discretion not to deal with that, right? The district court has discretion to abstain under various doctrines, including the Colorado River Doctrine or the Burford Doctrine. Indeed, the Respondents in their brief articulated reasons why the district court could have abstained from the specific performance claim under either of those doctrines based on the facts of this case. That is on one issue in which I believe the parties agree. District court could have abstained. It's a discretionary doctrine. And granted, I do think that it's an extraordinary remedy. And the cases have acknowledged that. You don't just abstain on a whim. There has to be solid reasons for it. If the judge decides not to exercise the discretion to abstain and deals with what amounts to just a breach of contract case, it's your argument that the district judge can't then say, I'm going to exercise my discretion not to entertain the declaratory judgment action? On these facts, yes, that is our argument. What facts would change the general rule that the judge generally has discretion to not entertain a declaratory judgment action? Well, when the court issues a ruling on the merits of one cause of action, in our case specific performance, and dismisses, abstains from deciding on the declaratory relief cause of action, when in our case, anyway, the causes of action are so commingled factually and legally, the duty to cooperate is a key part of our declaratory relief cause of action as well. It's not the only part. But that issue, the extent to which the insured has cooperated, the extent to which that is a breach or that that breach may be a defense to coverage obligations is running through the declaratory relief cause of action. And now, if this decision stands on the specific performance claim, there is the possibility of separate decisions state, under state law and under this case, a Federal Court decision, on a related issue of the breach of the duty to cooperate on our facts in this case. Do you interpret the district court's judgment as foreclosing a defense in State Court of lack of cooperation? No. I don't, I don't believe so, but it's certainly at this stage. It seems to me what the district court said is there's no affirmative claim for specific performance of failure to cooperate, but I don't think anything the district court said would foreclose the State Court one way or the other on whether there had been a failure to cooperate. On the factual question of whether there's a breach as a defense. And its viability as a defense to suit a claim of coverage. But the district court's decision, certainly for these parties, would preclude us from bringing a similar claim in State Court for specific performance or a cause of action for the breach of the duty. It would do that. And it also is a ruling in this case, to some extent, on the merits of whether there's a breach of the duty to cooperate. And the court, in reaching its decision on the merits of the specific performance claim, relied in part on allegations in the declaratory relief claim that the court did not decide. The court relied in part on the fact that, in the court's view, the insurers were denying coverage or raising coverage defenses in their declaratory relief claim. And the fact that the court felt that went to the merits, to some extent, of the ability to assert affirmatively a breach of the duty to cooperate or have a cause of action for the breach of the duty to cooperate. It's interesting that the court used allegations in the declaratory relief claim that the court felt it should not reach to reach the merits of the specific performance claim. If nothing else, it goes to show that, in this case, these claims are related. And while abstention cannot be automatically an all-or-nothing proposition, in this case, it seems to defeat the purpose of abstention to have now two separate proceedings, Federal court and State court, or two separate rulings on the same issues of the duty to cooperate. When did the State action start? Was it in relative to the Federal? The underlying action or the claims were already underway before these claims were filed in Federal court. And now, since after the district court's ruling, the insurers have gone ahead and brought the declaratory relief cause of action in the State court. I understand. I was thinking the underlying. Yes, the underlying. I don't recall how long ahead of time, but that was already underway before these claims were filed. Is that still pending? Yes. And I believe it's still State. State court. The State court action is still State, as I understand it. Yeah. And is it still pending further negotiations with plaintiffs and bankers? Yes. I believe, unless the court has any other questions, I'll reserve the remainder of my time for... I did have one question going back to something you said early. On the specific performance claim, I got the impression that you thought the dismissal should have been without prejudice. Yes. Is that correct? Yes. Without prejudice to refiling in State court, an abstention ruling. If we were to amend the district court's judgment to say that, then this case could be dismissed and you could just go ahead with what's going on in State court? We could refile this. If you reverse the decision on the merits, we could refile a similar specific performance claim or cause of action in the pending State court action. Yes.  Thank you. Thank you, Ms. Springer. Good morning, Your Honors. Kirk Passage of Dickstein Shapiro for the Roman Catholic Archbishop of Los Angeles. May it please the court, I would like to start with the question about the timing of the underlying action and what's going on. The sex abuse lawsuits, which are referred to as Clergy 1, were filed after the dismissal proceeding in which the insurance carriers, including the AIG companies, have been participating. As counsel noted, as Ms. Springer noted, their State court declaratory relief action was filed after the dismissal here, so we're in the somewhat unusual position of having two lawsuits pending in two different courts addressing the same issue. Their subsequently filed State court action does contain a declaratory relief cause of action for a specific performance. It's not a specific performance count, but it addresses the whole question of the cooperation clause, which actually isn't found in their insurance policy. They're kind of arguing it by implication. I think what we have, though, and why we're here today is a case of buyer's remorse. It's a little bit interesting because what AIG is now asking for is what we asked for below. We did say the court should abstain. What the trial court did, though, I think is absolutely correct. I think the court was grappling with the question of what to do when you have a so-called coercive cause of action in addition to pure declaratory relief, and whether or not she could decide that issue or not, and could she abstain if she didn't decide that issue. I think the answer is she could have abstained. That's what we advocated below. She could have abstained from the whole thing because the specific performance cause of action, and there is subsequent case law, it's cited in both parties' briefs where when it's so intertwined that the declaratory relief basically governs the outcome of the so-called coercive cause of action, abstention would be proper there. In fact, what they cited in their reply brief was a Great Lakes case from a district court in Georgia where, in essence, the court grappled with a specific performance cause of action and a declaratory relief cause of action. And the court dismissed the declaratory relief cause of action, sent it back to the district court, and dismissed the non-coercive claims. We think that's right. And we cited a series of cases, including four or five decisions by this court, most of them involving Section 1983 claims, but cases where one form or another of the abstention doctrine was considered, and the court allowed the trial court    And we think that's right. And we think that's right. And then said, abstention is warranted on everything else. Now, I think that is somewhat unusual in the abstention case law, but it has happened and there's certainly precedent for it, including, as I said, four or five decisions by this court. I think when we talk about an unflagging obligation, one thing the district court has an unflagging obligation to do is dispose of frivolous claims. That specific performance claim was frivolous from the get-go. It is all about cooperation in the defense of a claim. There is no dispute that under California law to prevail on that kind of argument, the insurance carrier has to show actual substantial prejudice. That is a showing it cannot make until the underlying litigation is over. There's no possibility of proving it beforehand. Do you know what it is they want you to do that you're not doing? Absolutely. They want us to do what the state court said we can't do. In our view, that's the long and short of it. They were chaffing at the fact that we weren't taking certain depositions. We had orders, and keep in mind this is a case that was coordinated by order of the Judicial Council, assigned to a couple of different judges, one to oversee the process of 580 lawsuits, and another to administer the mediation and settlement process. So in this coordinated proceeding, the judge that was assigned to it took full control of all 500 and I think it was 581 lawsuits and said this is what we're going to do. We'll permit discovery of aged or infirm witnesses. We will permit certain plaintiff questionnaires to be filed under oath. You can come in on the showing of good cause. As we said in our papers below, these folks had associated defense counsel. Now keep in mind the AIG insurers were not the defending insurers. They are excess carriers. They're not actually defending us. They haven't paid a penny towards our defense. They're sitting above the defending carriers who are actively participating. Notwithstanding that fact, these insurance carriers have been in court almost as often as the Archdiocese has been in court for settlement conferences, for hearings, for those kinds of things. And that's what the declarations, including Mr. Hennigan, were talking about was their participation. They didn't like certain discovery rulings in essence. And I think what they were asking the trial court to do here is to come in and say, okay, we're going to direct the Archdiocese to do what? To cooperate by turning over what? What the state court said we couldn't do and shouldn't do? To turn over stuff that was allegedly confidential like the pre-sent files where there were big battles going on in the state court about whether constitutional privileges were protecting those documents? It's not clear to us what they wanted. What is clear is that when they attempt to invoke, as they did here, some notion of Civil Code 2860, that's off the mark completely. That is a section that applies only by its terms. The very first sentence makes it clear. To a carrier who is defending its insurant, as they say repeatedly because this one's true, they're not defending the Archdiocese. So that section doesn't apply. And its remedy, even if it did apply, is not a specific performance lawsuit. Its remedy, as they full well know because they've argued these issues in state court against us, its remedy is to file a motion in the Law and Motion Department of the Superior Court. That's the only remedy provided. So we get here because there's a claim for specific performance which doesn't exist. It's only a defense. They're fully protected. I do agree with Ms. Springer on this point and with the question that was posed. The district court did not make a substantive determination on the issue of was there a breach or not of the duty to cooperate. That wasn't the question. The question was can you bring a specific performance claim for the duty to cooperate. And the answer to that one was no because it's not a duty, it's a condition. And in any event, you can't show prejudice as a matter of law until the underlying lawsuit is concluded. So even if you could assert some theory for declaratory relief, it's premature until these lawsuits are over. The only alternative if the district court were to have retained jurisdiction and decided these issues other than doing what the court did is to get involved in every one of the 581 lawsuits, take a look why they're being administered by the state court in a very complicated proceeding, and as we suggested now, by the way, in response to the question of what's going on, these cases are being released for trial in groups. So there will be a whole series of trials. The declaratory relief action has stayed. The order of the court pending the outcome of these underlying lawsuits. But these lawsuits are being released for trial so we'll see them over the course of the next however many years actually go to trial. But to invoke Federal jurisdiction and ask a Federal court to get involved, they got what they asked for. The court looked at the one substantive claim that I think the court felt it could look at. We did not contend the court had the rule on that. We contended it had discretion to rule on it and that it should dispose of what we believe to be a frivolous claim. Can I ask sort of a practical question about how these cases are being administered? How would they be expected to participate in settlements if they don't have full access to the discovery? Well, as we demonstrated, Mr. Hennigan's declaration indicates that they do have access. To the extent depositions have gone on, they've been able to participate through associated counsel. They have been able to get the defense counsel reports. There is a case home page, it's called, in the state court proceedings. Everything that happens in that case is posted on the Internet. They have access to it the same time we have access to it. It's all done through this Internet posting system. So rulings, orders, hearings, they show up at hearings. They have the right to attend them. They get depositions and video transcripts the same time we get them. They have the ability to have that full participation, including under California law, by appointing their own counsel to participate and assist the archdiocese in the defense. So they have full access to everything that goes on in the state court proceeding, either through us, through case home page, or through associated defense counsel that they retain. This is not a situation where we told them to go pound sand and tell them nothing about it. That's one of the frustrations about this, is they have essentially the same access we do, and their complaint is what we can't get in state court because of the rules that have been administered by the judge presiding in terms of how things happen. We have to proceed, as this court has said. There's been very limited discovery. There's no doubt about that. We've not been able to do traditional discovery. In many of these claims, there's not even an answer to the complaint on file because it's been stayed. So we're talking about a situation where claims have been pending now for four years for most of the claims, with very limited discovery, no answer to the complaint, and now some cases being released for some version of trial where there'll be limited discovery and some other things we get access to, and they get it at the same time. This is a very different proceeding than most cases because of how it's being administered in coordination. But they have the chance to be heard on that. They have the chance to be heard in the settlement conferences and the mediation. They spend as much time, I think, in those conferences as the archdiocese spends in those conferences. So there's a lot of involvement. The issue, though, in my mind... And we never did understand why they filed in federal court other than for forum shopping. But as I said at the start, I do believe that this truly is a case of buyer's remorse. But when you file a frivolous cause of action not supported by the law, I don't think you can complain when a court rules on that cause of action. One thing... I mean, a lot of people would look at something like this and say, well, why didn't the district court just leave it all to the state court? Okay. Because you've got the issue... There's plenty of state law saying that the failure to cooperate is a defense. I didn't see in those cases where they say, but it can never be an affirmative court's claim. I mean, they just... That wasn't before those courts, all the California cases that I looked at. Your Honor, I'm not aware of a single California case that says outright, because I'm not aware of this ever having been tried before. The closest we found in going back and looking at it was a case from 25 years ago that simply said it doesn't matter what you call it in essence. There it was declaratory relief. And I think if they had simply said declaratory relief, the reason they didn't say declaratory relief is there's no doubt there would have been abstention, because this would have been a pure declaratory relief lawsuit. So the question is, can you get by specific performance what you can't get by declaratory relief? And that goes back to the notion of absent a showing of prejudice, there's no basis to say anything about the duty to cooperate. And there are California decisions that say for declaratory relief on the duty to cooperate, it's premature until the underlying lawsuits are over. There is no cognizable cause of action for declaratory relief for specific performance, because as a matter of law, you have to speculate about whether there was prejudice until the lawsuit is over. So I think that's why we don't see it. But even their site to Professor Corbin, had it been originally in the opening brief, we probably would have gone to Professor Calamari for a rebuttal dealing with hornbook cases. But even Corbin and their site, Professor Corbin's discussion in the very section of day's site demonstrates that this is a true plain condition, not a duty. We aren't entitled to collect unless we have cooperated, unless there's prejudice. If they don't show prejudice, we're still entitled to, whether we've cooperated or not. But it's a condition, whether you say precedent or subsequent, it's a condition of the performance of a duty. We don't owe them a duty. It's not in the duty section. It's not even in the policy at all, period. So there's not a California case. In fact, I'm quite comfortable that there's not a case nationally because they didn't cite a case and we didn't find a case. So this is truly on that issue of first impression, and I think the district court could have left it and said I'm abstaining because it's really all declaratory relief. I think she had the option to do it. She didn't do it. I think her decision is right, and I think if they want to plead it, they need to plead it like they did in the state court, which is declaratory relief. Now that is state in the state court. So we have not answered that complaint there either at this stage. It's unclear. I mean, we don't have an idea as to when that state will be lifted, but state court's where it is. And the determination by the trial court below doesn't mean we did or didn't breach the duty to cooperate. They're free to litigate that in the context that they've chosen, declaratory relief at the appropriate time. I have some questions. Thank you. Roberts. Thank you very much. Ms. Springer. Before we go back to the abstention issue, I would like to raise a couple points on the trial court's decision on the merits of the specific performance claim, which they are talking about in part in light of Respondent's argument. Respondent talks about how this is, and it's true, a very unusual proceeding. The proceedings below, the coordinated actions are unusual. The Court and Respondent have acknowledged there is no case on the issue of whether there is an affirmative cause of action for the breach of the duty to cooperate hasn't been decided yet. The sheer fact that there's no case on point and that these are unusual proceedings would seem to support the trial court allowing the cause of action to be stated. If the trial court's going to reach the merits of the specific performance claim, at this pleading stage, the first go-round, no oral argument, no right to amend on a novel theory that has not been addressed in an unusual type of proceeding. That decision also was error. If the trial court was going to reach the merits, and if this Court finds that abstention was not allowed or was not appropriate for the specific performance claim, we should be back in the district court at least with leave to amend or allowed to go forward and play this out on the facts rather than on the pleadings or rather than on arguments at this point of counsel that we've gotten all the information we need. The specific performance claim is something where the trial court erred also when it did reach the merits, not only in reaching the merits, but in the ruling it made. The Court should not have so hastily dismissed a claim. The performances of an implied promise, is that correct? It isn't in the policies. There's a duty to cooperate. Pardon? There's a duty to cooperate. We have alleged in the pleadings that there was a duty that the insurance policies obligate the insured to cooperate. But not by a sentence in the policies. It's because of a background of California law. There is the background of California law, and I believe other language in the policies. I don't know if it specifically has the words duty to cooperate. I'd have to go back and look at how we alleged it in our complaint. At this point, we're dealing with the allegations of the complaint. And finally, I'd like to, on the abstention issue, go back to that and just point out that in this situation where the district court has found that the Brillhart factors weigh heavily in favor of abstention and the declaratory relief cause of action is joined with another claim involving the same or similar facts, overlapping issues of State law only, the Court should have abstained from both causes of action. What's our standard? Would we have to say the Court abused its discretion in going ahead and deciding the case? Yes. The decision not to abstain from the specific performance claim would have been an abuse of discretion. And the cases discussed by Respondent where courts have abstained from declaratory relief and decided some other coercive claim on the merits, I believe all of those cases are distinguishable in that they involved a separate coercive claim that did not have the overlapping facts. And often, as Respondent argued, Section 1983 cases, which involved federal issues, that makes a lot more sense to keep that claim in federal court. But here we have no federal issues, and we have completely overlapping facts, and we have an ongoing State court proceeding. In those situations, it was an abuse of discretion to not abstain from both causes of action. Thank you. Thank you. Thanks to both counsel. The case just argued is submitted. That concludes our calendar for the morning. And Blanco, Judge Nelson should do what as far as our conference. He'll be back in touch with him and get him on the TV in the conference room. Judge Nelson, we'll see you in the conference room. Thank you. We'll stand at recess.
judges: Canby, T.G. Nelson, Silverman